UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS ANTHONY WINTERS, JR., a/k/a Boy Winters,<br><br>Defendant. | CR. 03-50077-01-KES<br><br>ORDER DENYING RELIEF UNDER RULE 60(B) |

Defendant, Louis "Boy" Winters, moves for relief under Federal Rule of Civil Procedure 60(b). Docket 192. In 2003, charges were pending against Winters in two cases. Winters pleaded guilty to conspiracy to distribute controlled substances in CR. 03-50077-01 and felon in possession in CR. 03-50063-01. His sentence included a term of supervised release. Now, he challenges the conditions of his supervised release. *Id.* The United States responded, arguing that relief under 60(b) should be denied as untimely and inapplicable. Docket 194. Winters replied and clarified his arguments. Docket 195. The court denies Winters' motion for relief.

Rule 60 exists to correct a civil—not a criminal—judgment. *See United States v. Camacho–Bordes*, 94 F.3d 1168, 1171 n. 2 (8th Cir. 1996); *United States v. Salter*, No. 2:04–CR–20008, 2009 WL 3850147 at *1 (W.D. Ark. Oct. 20, 2009) (stating that Rule 60 does not apply in criminal cases). Statutes such as 28 U.S.C. §§ 2241, 2254, and 2255 provide the avenues and federal

jurisdiction to challenge a criminal conviction. Rule 60 is inapplicable to criminal sentences. *United States v. Eggleston*, 24 F. App'x 656 (8th Cir. 2002) ("Rule 60(b) applies only to civil cases.").

Because Winters attacks his sentence, his motion could be construed as a § 2255 motion. But Winters previously utilized habeas proceedings to challenge his convictions. *See* CIV. 06-05091. Therefore, if his motion was construed to be a motion under § 2255, it would be denied as a second successive petition because Winters has not requested permission from the Eighth Circuit Court of Appeals to file a successive petition. *See* § 2255(h). Therefore, it is

ORDERED that the motion for miscellaneous relief under 60(b) (Docket 192) is denied.

Dated December 15, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE